# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1844V

|  |  |
|---|---|
| FAYTH BRENNAN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: January 29, 2025 |

*Rhonda Lorenz-Pignato,* Shannon Law Group, P.C., Woodbridge, IL, for Petitioner.

*Mark Kim Hellie,* U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On December 14, 2020, Fayth Brennan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from a tetanus diphtheria vaccine received on November 7, 2019. Petition at 1. I issued a ruling finding Petitioner entitled to compensation on September 13, 2023 (ECF No. 36), and a decision awarding

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation to Petitioner on October 28, 2024 (ECF No. 50), following briefing by the parties.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $95,018.60 (representing $94,314.00 for fees and $704.60 for costs). Petitioner's Motion for Fees and Costs filed Dec. 19, 2024, ECF No. 58. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 57.

Respondent reacted to the motion on January 2, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 59. The same day, Petitioner filed a reply noting that "Respondent made no specific objection to Petitioner's motion." ECF No. 60.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. However, a few of the tasks performed by Ms. Lorenz-Pignato are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $794.70.[4]**

Regarding the number of hours billed, Ms. Lorenz-Pignato has billed 0.3 hours spent researching vaccine laws in the State of Minnesota. ECF No. 58-2 at 36 (two entries dated 8/12/20). Under the Vaccine Program, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); *see also Krause v. Sec'y of Health & Hum. Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). "[R]esearch conducted to explore petitioner's civil remedies . . . are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated. *Krause*, 2012 WL 4477431, at *6. **This reduces the amount of fees to be awarded by $124.50.[5]**

---

[3] These entries, drafting basic documents such as an exhibit list, notice of filings, statement of completion, joint notice not to seek review, and election to accept judgment are dated as follows: 7/7/20, 7/8/20 (three entries), 8/31/20 9/2/20, 9/14/20 (two entries), 9/15/20 (three entries),9/14/20 (two entries), 8/16/21, 3/7/24 (three entries), and 10/31/24. ECF No. 58-2 at 3-4, 25, 30-35, 37.

[4] This amount consists of ($415 - $168) x 2.5 hrs. + ($440 - $172) x 0.2 hrs.+ ($506 - $197) x 0.4 hrs. = $794.70.

[5] This amount consists of $415 x 0.3 hrs. = $124.50.

3

Moreover, I deem the *total* amount of time devoted to briefing entitlement and damages, even though separately addressed, to be excessive. *See* Petitioner's Motion for Ruling on the Record Regarding Entitlement and Damages, filed June 21, 2023, ECF No. 42; Petitioner's Reply to Response to Petitioner's Motion for Ruling on the Record, filed Aug. 1, 2022, ECF No. 33; Petitioner's Reply in Support of the Motion for Ruling on the Record, filed Sept. 14, 2022, ECF No. 35; Petitioner's Brief Regarding Damages, filed Jan. 17, 2024, ECF No. 45; Petitioner's Reply to Respondent's Damages Brief, filed Mar. 7, 2024, ECF No. 49. Petitioner's counsel expended approximately 29.0 hours drafting the motion related to entitlement, 12.9 hours drafting the reply related to entitlement, 17.3 hours drafting the damages brief, and 3.7 hours drafting the reply damages brief, for a combined total of 62.9[6] hours (41.9 hours related to entitlement and 21 hours related to damages). ECF No. 58-2 at 3-7, 13-15, 17-18. My above calculation does not include time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 58-2 at 5 (entry dated 3/4/24).

It is unreasonable for counsel to spend so much time briefing, even the matter of both entitlement and damages addressed separately in this case. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[7] in which attorneys have accomplished this task in about half the time.[8]

---

[6] This total is calculated as follows: 41.9 hours billed on 4/20/22, 4/26/22, 7/25/22 (two entries), 7/26/22, 7/27/22, 7/29/22, 8/1/22, 9/8/22 (three entries), 9/13/22, 9/14/22 ( two entries), by Rhonda Lorenz-Pignato at a rate of $454; 3.5 hours billed on 12/28/23 (two entries), by Rhonda Lorenz-Pignato at a rate of $477; and 17.5 hours billed on 1/15/14 (four entries), 1/16/24 (four entries), 1/17/24, 3/4/24, 3/5/24, and 3/7/24, by Rhonda Lorenz-Pignato at a rate of $506.

[7] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[8] *See,* e.g., *Schwalm v. Sec'y of Health & Hum. Servs.*, No. 21-0066V (Dec. 2, 2024) (12.2 and 6.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Stanton v. Sec'y of Health & Hum. Servs.*, No. 21-0360V (Nov. 25, 2024) (15.9 and 4.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Hirsch v. Sec'y of Health & Hum. Servs.*, No. 20-1110V (Nov. 25, 2024) (16.0 and 4.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Templin v. Sec'y of Health & Hum. Servs.*, No. 21-1446V (Nov. 25, 2024) (12.0 and 0.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Kleinschmidt v. Sec'y of Health & Hum. Servs.*, No. 20-0680V (Apr. 9, 2024) (13.9 and 4.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Amor v. Sec'y of Health & Hum. Servs.*, No. 20-0978V (Apr. 10, 2024) (11.9 and 2.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *McGraw v. Sec'y of Health & Hum. Servs.*, No. 21-0072V (Apr. 1, 2024) (17.4 and 9.6 hours

Of course, having prevailed in this case, a fees award is generally appropriate. But the Act permits only an award of a *reasonable amount of* attorney's fees. Damages Decision, issued Oct. 28, 2024, ECF No. 50. The primary areas of dispute involved pain onset and the appropriate amount of compensation for Petitioner's past pain and suffering and expenses. *Id.* at 9-10; *see* 42 C.F.R. § 100.3(a)(XIV)(B) & (c)(10)(ii) (required pain onset timing). Regarding the pain and suffering award, the parties' views differed by approximately $40,000.00 - Petitioner sought $80,000.00, and Respondent countered by citing another case involving a $40,000.00 award, noting that he generally proffers $37,500.00 for milder SIRVA cases. Damages Decision at 9-10. I ultimately awarded the same amount awarded in the comparable case cited by Respondent – further underscoring the extent to which Petitioner's efforts in this behalf had a futile quality (since I ultimately found the higher figure was not adequately defended). *Id.* at 12-13.

Accordingly, I will reduce the sum to be awarded for entitlement damages briefing (**a total of 62.9 hours, or $29,547.10)** by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[9] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $8,864.13.[10]**

---

billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Wilson-Blount v. Sec'y of Health & Hum. Servs.*, No. 21-1400V (Oct. 25, 2023) (14.2 and 7.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Bidlack v. Sec'y of Health & Hum. Servs.*, No. 20-0093V (Oct. 25, 2023) (9.4 and 6.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 19-1543V (Aug. 17, 2023) (17.8 and 9.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting an entitlement and damages brief – although some time was doubtlessly saved by my March 9, 2020 factual ruling finding an appropriate pain onset); *C.H. v. Sec'y of Health & Hum. Servs.*, No. 20-0249V (May 16, 2023) (12.9 and 6.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 6, 2024).

[9] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[10] This amount is calculated as follows: (41.9 hrs. x $454 x .30) + (3.5 hrs. x $477 x .30) + (17.5 hrs. x $506 x .30) = $8,864.13.

## ATTORNEY COSTS

Petitioner requests $704.60 in overall costs and has provided receipts for all expenses. ECF No. 58-3. I have reviewed the requested costs and find them to be reasonable. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$85,235.27 (representing $84,530.67 for fees and $704.60 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

                                                                                  **s/Brian H. Corcoran**
                                                                                  Brian H. Corcoran
                                                                                  Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.